IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES LAKEEFE TAYLOR | § | |
| TDCJ-CID #784490 | § | |
| V. | § | C.A. NO. C-05-347 |
| | § | |
| WILLIS BUNTON | § | |

## AMENDED MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, it is respectfully recommended that plaintiff's action be dismissed for failure to exhaust available administrative remedies.  It is further recommended all pending motions be denied and that plaintiff be prohibited from filing future lawsuits without first demonstrating exhaustion.

## I.     JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    FACTUAL BACKGROUND

On June 3, 2005, plaintiff filed a civil rights action against thirty-eight (38) McConnell Unit officials and/or employees alleging numerous complaints concerning his conditions of confinement and medical care in C.A. No. C-05-299.   By Memorandum and Recommendation entered August 9, 2005, it was recommended that C-05-299 be dismissed for failure to exhaust.  Plaintiff failed to allege exhaustion in his original complaint, and when given the opportunity to demonstrate exhaustion, he failed to do so as to any claim against any of the 38 defendants.

On July 9, 2005, plaintiff filed this second civil rights action, purporting to sue Willis Bunton, a maintenance technician at the McConnell Unit.  See D.E. 1.  Plaintiff claims that Mr. Bunton

violated his right to cell "illumination" when he failed to change or install the light bulbs in plaintiff's cell on July 6 and 7, 2005.  Id.  Plaintiff also claims that he requested a cell change not only because of the lighting, but also because the toilet malfunctions, the sink water is not fit for human consumption, and the cell has a bad odor due to the toilet not working properly.  Plaintiff claims that the unsanitary conditions of the cell are adversely affecting his already poor health.

In the instant case, as in C.A. No. C-05-299,  plaintiff did not address the issue of exhaustion in his original complaint.   See D.E. 1.  Instead, he attached the following:

(1)    Step 1 grievance dated May 28, 2005, complaining of life endangerment and a infection, that was never submitted to prison officials;

(2)    Letter dated May 28, 2005, to Ms. Gandy, a psychologist in the psych department, stating that plaintiff has been under a suicide watch and psychiatric care for the past two years;

(3)    Letter dated May 28, 2005, addressed to Nancy N. [last name illegible] alleging that plaintiff's health is at risk;

(4)    Inmate request to official dated July 25, 2005,  complaining of burning urination and drainage;

(5)    Document dated December 31, 2003, stating that plaintiff cannot win a legal battle;

(6)    Inmate request to official dated November 25, 2003, complaining that plaintiff's weight had dropped from between 155-167 down to 142 pounds and requesting a sick call;

(7)    Inmate request to official dated March 15, 2004, directed to the dental department and requesting scheduled treatment;

(8)    Inmate request to official dated March 12, 2002, complaining of diarrhea and blood in stools and requesting medical attention;

(9)    Inmate request to official dated March 30, 2005, complaining of vision trouble in both eyes especially when reading;

(10)   Inmate request to official dated December 15, 2003, requesting a clean blanket and size 10 shoes;

2

(11) Inmate request to official dated March 4, 2004, complaining of pain in hips, stiffness, lower abdominal pain and other ailments with notation that plaintiff was seen on February 20, 2004, and noting to schedule plaintiff for an appointment;

(12) Sick call request dated September 31, 2004, complaining that plaintiff was proscribed Naproxen and sulfide shampoo but had not received them; and

(13) Inmate request to official dated October 7, 2004, stating that plaintiff needs to be taken to a hospital.

## III.   DISCUSSION

### A.   Exhaustion.

Pursuant to 42 U.S.C. § 1997e(a),  "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  A prisoner must exhaust administrative remedies for lawsuits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328 (5th Cir. 2002).  Exhaustion applies regardless whether the prisoner may obtain the type of relief sought in the state's administrative process.  Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The purpose of the exhaustion requirement is to alert jail officials of problems so that the jail has a chance to address the claims before they reach federal court.  Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001).  As acknowledged by the Supreme Court, Congress intended the administrative process to "filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding."  Booth, 532 U.S. at 737.

In the Texas Department of Criminal Justice–Correctional Institutions Division, inmates follow a two-step process to exhaust their remedies.  Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998); TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Administrative Directive No. AD-03.82 (rev. 3) (Aug. 1, 2002).  An inmate must proceed through all available steps in the institutional system.  Wright, 260 F.3d at 358.

"'Dismissal under § 1997e is made on pleadings without proof.  In other words, '[a]s long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal.'"  Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam) (quoting Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998), cert. denied, 526 U.S. 1133 (1999)).

**B.     Analysis.**

Plaintiff's attachments do not demonstrate exhaustion nor even relate to his claims against Willis Bunton.  Plaintiff complains that his cell lacked proper lighting on July 6-7, 2005.  The various attachments to his original complaint are dated well before July 2005.  As to his claims of unsanitary conditions, the attachments do not demonstrate that he brought those claims to the attention of prison officials: his complaints are not set forth on a step 1 or step 2 grievance form and there is no evidence that the complaints were submitted properly or even considered by prison personnel.  Many of the attachments offered in this case were also offered in C.A. C-05-299.  In neither case do these attachments establish compliance with the TDCJ grievance system.[1]

It appears that plaintiff is using the court system as a file for his diary of complaints against the TDCJ and in particular, the McConnell Unit medical department.   Yet plaintiff's claims of

---

[1]The exhaustion requirement may be excused when it administrative remedies are not "personally available." Days, 322 F.3d at 867.  There is no indication that the grievance system is not readily available to plaitniff.

unsanitary conditions, and even his requests to see medical staff, are the very types of complaints that the TDCJ grievance system was designed to address, and that prison officials, not the federal courts, are most able to address and remedy.   Although plaintiff is not identified as a three-strikes litigant,[2] his recent activity in this Court suggests that he is either not familiar with the exhaustion requirement or is attempting to by-pass the TDCJ grievance system.   Regardless, his voluminous, unexhausted complaints against multi-defendants with unorganized and often irrelevant materials attached tax the Court's resources and adversely affect the prompt administration of properly filed claims.

### C.       Motion–Denial of Property

Plaintiff has filed a motion titled "Motion–Denial of Property" (D.E. 8).  It is not clear what type of relief plaintiff is requesting in this motion.  Because plaintiff appears to raising yet more unexhausted claims (denial of legal materials, a bible, and educational material), the motion will be treated as a motion to amend his complaint.  Plaintiff is obviously not being denied paper, pen, and the means to mail documents to the court.  Because these claims are unexhausted it is recommended that plaintiff's motion be denied and these claims dismissed without prejudice.

### IV.   RECOMMENDATION

There is no indication that plaintiff has exhausted his claims against Willis Bunton.  Thus, it is respectfully recommended that this action be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  It is further recommended that plaintiff's "Motion–Denial of Property" (D.E. 8) be denied and the claims raised in that motion also be dismissed without prejudice as unexhausted.  Finally, It is recommended that plaintiff's action be dismissed with prejudice to proceeding as a pauper should he decide to re-file his claims after he exhausts the

---

[2] See http://156.124.5.73/tHREEsTRIKES/t3.htm

prisoner grievance process.  See Underwood, 151 F.3d at 296 (approving the district court's dismissal with prejudice to proceed as a pauper where inmate fails to exhaust administrative remedies).

In addition, as a means to curtail plaintiff's abusive filings, it is recommended that plaintiff be prohibited from filing any future civil actions without first obtaining permission from the Court, conditioned upon plaintiff demonstrating proper exhaustion of his claims, by submitting copies of his step 1 and step 2 grievances specifically related to the claims sought to be pursued.

Respectfully submitted, this 18th day of August, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).